UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK R. WATKINS,

           Petitioner,

           Case No. 22-cv-1497-bhl

v.

DYLON RADTKE,
Warden,

           Respondent.

## ORDER SCREENING AND DISMISSING PETITION

Derrick Watkins filed a petition for writ of habeas corpus under 28 U.S.C. §2241 on December 13, 2022.[1] (ECF No. 1.) On January 3, 2023, Watkins paid the $5.00 filing fee. This Order screens the petition and dismisses the case with prejudice.

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court permits the Court to "apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." *See* Civ. L. R. 9(a)(2) ("The Court may apply any of the Rules Governing 28 U.S.C. §2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. §2241).

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to "promptly examine" the petition—

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge

---

[1] Pursuant to 28 U.S.C. §2242, a person who files a §2241 petition must name as respondent "the person who has custody over him." The petitioner is currently incarcerated at Green Bay Correctional Institution where Dylon Radtke is the Warden. Watkins's petition names T.R. Chase, a Jacksonville, Florida security officer and a host of other people and institutions as respondents. These are not the appropriate respondents. Dylon Radtke, the Warden of the Green Bay Correctional Institution, is hereby substituted as the respondent.

> must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During its initial review of *habeas* petitions, the Court examines whether the petitioner has set forth cognizable constitutional or federal claims and has exhausted his available state remedies.

In his petition, Watkins alleges that he has been subject to "an unlawful arrest in Jacksonville, Fl[orida], leading to an illegal detention, extradition and further detention." (ECF No. 1 at 3.) Watkins states that he was transported to Milwaukee, Wisconsin, "charged in a homicide case" and "convicted despite exonerating evidence." (*Id.* at 11.) Watkins claims his arrest, search and detention in Florida were illegal and violated his constitutional rights. (*Id.* at 9.) Watkins further claims he was denied his extradition rights, the right to counsel and a fair hearing. According to the publicly available docket from Watkins's state court criminal case, Watkins is currently serving a sentence of life imprisonment after being found guilty by a jury of 1st-Degree Intentional Homicide in violation of Wis. Stat. §940.01(1)(a) and felon in possession of a firearm in violation of Wis. Stat. §941.29(1m)(a). *See State v. Watkins*, Milwaukee County Circuit Court Case No. 2021CF002537 (available electronically at https://wcca.wicourts.gov) (last visited February 8, 2023). Watkins was sentenced on October 28, 2022. On November 18, 2022, Watkins filed a letter requesting an extension of time to file a notice of appeal. On January 10, 2023, Watkins filed a motion to reinstate time for post-conviction motions for direct appeal and appointment of appellate counsel. On February 6, 2023, Watkins filed a motion for an extension of time to file a notice of intent to seek post-conviction relief. The most recent entry is February 7, 2023, where the Wisconsin Court of Appeals ordered that the deadline for Watkins to file a notice of intent to pursue post-conviction relief in Milwaukee County Circuit Court is extended through March 7, 2023. Therefore, it appears that Watkins intends to seek post-conviction relief before the Wisconsin state courts. Because Watkins has not presented his claims to the state courts, he is not eligible for habeas relief and the Court will dismiss the petition.

Watkins filed this §2241 petition to challenge a state criminal prosecution that, at the time he filed his petition, he was seeking to appeal. This is improper. A "state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release" must seek relief under 28 U.S.C. §2254. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("Roughly speaking, … §2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody …."). And, a district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair

opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Exhaustion "requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). Here, Watkins's petition is premature. He is still pursuing state judicial proceedings and those procedures offer Watkins an adequate opportunity for review of any constitutional violations. Until he exhausts those procedures, his petition is premature and must be dismissed.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

Accordingly, **IT IS ORDERED** that Watkins's petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability. The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 8, 2023.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge